**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ARDIT COMA,
    Plaintiff,
v.                                                        Case No.:

CITY OF ORMOND BEACH, FLORIDA,
And SERGEANT CALEB BRAUN,
in his individual capacity,
        Defendants.

_____/

**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983**
**(FALSE ARREST)**

Plaintiff ARDIT COMA, sues Defendants the CITY OF ORMOND BEACH,

FLORIDA and SERGEANT CALEB BRAUN, and states:

**I. INTRODUCTION**

Plaintiff Ardit Coma, a Detective for the Flagler County Sheriff's Office,

was driving through the City of Ormond Beach, when he was unlawfully

arrested without probable cause by Sergeant Caleb Braun of the Ormond Beach

Police Department and falsely accused of "fleeing and eluding."  Detective Coma

was operating his vehicle when Defendant Braun initiated a traffic stop for a

common speeding violation.  Instead of conducting a routine traffic stop,

Sergeant Braun, frustrated at the distance between Plaintiff's vehicle and his

own, decided to treat the situation as a felony stop for "fleeing and eluding,"

despite the absence of probable cause that Plaintiff had committed any infraction

beyond the  minor traffic infraction of speeding.  Plaintiff now brings this action

under 42 U.S.C. §1983 for false arrest.

1

## II. JURISDICTION AND VENUE

1.      This action arises under 42 U.S.C. §1983 for violations of the Fourth Amendment.

2.      This Court has federal question jurisdiction under 28 U.S.C. §1331.

3.      This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Middle District of Florida because the events giving rise to this action occurred in Volusia County, Florida.

## III. PARTIES

5.      Plaintiff ARDIT COMA is a resident of the State of Florida.

6.      At all relevant times, Plaintiff was employed as a detective with the Flagler County Sheriff's Office.

7.      Defendant CITY OF ORMOND BEACH, FLORIDA is a municipal corporation organized under Florida law.

8.      Defendant SERGEANT CALEB BRAUN was at all relevant times a sworn law enforcement officer employed by the Ormond Beach Police Department.

9.      Defendant Braun acted under color of state law.

10.     Braun is sued in his individual capacity.

2

## FACTS

11.    On or about 12/04/2025, Plaintiff was operating his motor vehicle lawfully on a public roadway within Ormond Beach, Florida.

12.    Plaintiff was traveling above the posted speed limit but otherwise driving safely and in control, and he did not engage in any conduct intended to flee, elude, or avoid law enforcement.

13.    At or about that time, Defendant Sergeant Braun initiated a traffic stop encounter based on speeding.

14.    Plaintiff either promptly pulled over when safe to do so or otherwise complied with lawful commands to stop, without evasive maneuvers, without increasing speed to escape, and without extinguishing lights or taking any action characteristic of fleeing or eluding.

15.    Despite the absence of any conduct constituting fleeing or attempting to elude a law enforcement officer, Defendant Sergeant Braun arrested Plaintiff for fleeing and eluding.

16.    There was no probable cause to believe that Plaintiff had fled or attempted to elude a law enforcement officer. Plaintiff's conduct was limited to speeding, a traffic infraction, and did not supply probable cause for a custodial arrest for fleeing or eluding.

17.    Plaintiff was handcuffed, searched, transported, and booked on the fleeing and eluding charge.

18.    As a result of the arrest, Plaintiff was detained for a period of time, booked in jail, incurred costs, and suffered emotional distress, reputational harm, and economic losses.

19.    At no time did Plaintiff obstruct justice, resist with or without violence, ignore clear and feasible police commands to stop, or engage in any act that would lead a reasonable officer to believe Plaintiff was fleeing or eluding.

20.    Any assertion by Defendant Sergeant Braun that Plaintiff was fleeing or attempting to elude was objectively unreasonable under the circumstances known to him at the time of arrest.

21.    All actions of Defendant Sergeant Braun described herein were taken under color of state law and within the course and scope of his employment with the City of Ormond Beach.

22.    The City of Ormond Beach employed and supervised Defendant Sergeant Braun at all relevant times.

23.    Upon information and belief, Defendant CITY OF ORMOND BEACH, through its police department, maintained a policy, custom, or widespread practice of permitting officers to improperly escalate routine traffic encounters into felony "fleeing and eluding" arrests in circumstances where a suspect vehicle was at a distance or otherwise difficult to immediately stop due to traffic or roadway conditions. This practice allowed officers, including Defendant Braun, to assert unsupported fleeing and eluding charges in order to justify high-risk felony stops where no probable cause existed. The foregoing policy, custom,

4

or practice was known to the City or was so pervasive as to constitute constructive knowledge, and it was a moving force behind the unlawful arrest of Plaintiff.

## COUNT I: 42 U.S.C. § 1983
## FALSE ARREST
## AGAINST SERGEANT CALEB BRAUN (INDIVIDUAL CAPACITY)

24. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25. The Fourth Amendment, applicable to the States through the Fourteenth Amendment, protects against unreasonable seizures, including arrest without probable cause.

26. To prevail on a Section 1983 false arrest claim, Plaintiff must show that he was seized and that the seizure was unreasonable because it was unsupported by probable cause.

27. Plaintiff was arrested and seized by Defendant Sergeant Braun.

28. At the time of arrest, the facts and circumstances within Defendant Sergeant Braun's knowledge were insufficient to warrant a prudent person to believe that Plaintiff had committed the offense of fleeing or attempting to elude a law enforcement officer. Plaintiff's conduct, at most, constituted speeding.

29. No reasonable officer could have believed there was probable cause to arrest Plaintiff for fleeing or eluding based solely on speeding and Plaintiff's compliance in stopping as alleged.

30.    Defendant Sergeant Braun's actions were intentional, taken under color of state law, and were the moving force behind the deprivation of Plaintiff's constitutional rights.

31.    As a direct and proximate result of Defendant Sergeant Braun's unconstitutional conduct, Plaintiff suffered damages, including loss of liberty, emotional distress, reputational injury, and financial losses.

32.    Defendant Sergeant Braun is not entitled to qualified immunity because, at the time of the arrest, it was clearly established that arresting an individual for fleeing or eluding without probable cause violates the Fourth Amendment.

**COUNT II: 42 U.S.C. § 1983**
**MUNICIPAL LIABILITY (MONELL)**
**AGAINST CITY OF ORMOND BEACH**

33.    Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

34.    The City of Ormond Beach, through its final policymakers and/or longstanding practices, maintained policies, customs, and/or failed to train or supervise officers regarding probable cause determinations for fleeing and eluding, such that deliberate indifference to constitutional rights resulted.

35.    The City's policy, custom, and/or failure to train or supervise was the moving force behind the constitutional violation suffered by Plaintiff.

36.    As a direct and proximate result, Plaintiff suffered damages as described herein.

37. Alternatively, to the extent municipal liability is not pursued, this Count is pled in the alternative and may be withdrawn upon clarification of facts through discovery.

### DAMAGES AGAINST SERGEANT BRAUN

38. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer loss of liberty; emotional distress, anxiety, humiliation, and mental anguish; reputational harm; lost wages and other economic losses; out-of-pocket expenses including bond and legal fees; and other compensatory damages in amounts to be determined at trial.

39. Defendant Sergeant Braun's conduct was willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, entitling Plaintiff to punitive damages against him in his individual capacity.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award:

a)    Compensatory damages in an amount to be determined at trial;

b)    Punitive damages against Defendant Sergeant Caleb Braun in his individual capacity;

c)    Pre- and post-judgment interest as permitted by law;

d)    Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

e)    Such other and further relief as the Court deems just and proper.

7

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Dated**: April 8, 2026.

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
**Lead Counsel for Plaintiffs'**


/s/ *Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892
**Co-Counsel for Plaintiffs'**